IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMBER CAMPOS,<br>    Plaintiff,<br><br>vs.<br><br>GUTHRIE ROBERT PACKER HOSPITAL,<br>JULIA STEVENSON, MD.,<br>GUTHRIE CENTER FOR WOUND CARE AND<br>HYPERBARIC MEDICINE,<br>GUTHRIE PLASTIC AND RECONSTRUCTIVE<br>SURGERY,<br>FAROKH SAMIMI, MD.,<br>GUTHRIE MEDICAL GROUP OF<br>PENNSYLVANIA, P.C.,<br>GUTHRIE CLINIC, LTD.,<br>GUTHRIE MEDICAL GROUP, P.C.,<br>GUTHRIE CLINIC, A PROFESSIONAL<br>CORPORATION,<br>GUTHRIE CLINICS GROUP PRACTICE<br>PARTNERSHIP, L.L.P.,<br>GUTHRIE HEALTH,<br>GUTHRIE HEALTH PLAN, INC.,<br>GUTHRIE HEALTHCARE SYSTEM, and<br>GUTHRIE SPECIALTY PHYSICIANS, P.C.,<br>    Defendants. | Civil Action No:_____ |

## COMPLAINT

Plaintiff, Amber Campos, by and through her attorney, David B. Sherman of Solomon Sherman & Gabay, brings this action to recover damages against the above-named Defendants for, inter alia, their improper and unlawful conduct in the care they provided to Plaintiff which resulted in, inter alia, severe decubitus ulcers, pressure sores and wounds which required extensive surgery. Plaintiff seeks, inter alia, damages and statutory penalties. Plaintiff alleges against Defendants, and requests trial by jury, as follows:

**I.    INTRODUCTION**

1. This is an action brought by Plaintiff, Amber Campos, for negligence of the Defendants and vicarious liability for their improper and unlawful conduct in the care provided to Plaintiff which resulted in severe decubitus ulcers, pressure sores and wounds requiring extensive surgery.

2. Plaintiff has suffered damages as a result of the unlawful and negligent care provided by Defendants including medical expenses, pain and suffering and actual injuries.

## II. PARTIES

3. Plaintiff, Amber Campos, is a natural person and a citizen of the State of New York who resides at 17 Ellis Creek Road, Lot 8, Waverly, New York, 14892.

4. Defendant, Guthrie Robert Packer Hospital, is a corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with an business address at 1 Guthrie Square, Sayre, PA 18840.

5. Defendant, Julia Stevenson, MD, is a natural person, and a citizen of Pennsylvania with a business address of 1 Guthrie Square, Sayre, PA 18840.

6. Defendant, Guthrie Center for Wound Care and Hyperbaric Medicine, is a corporation, or other legal entity, organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 1 Guthrie Square, Sayre, PA 18840.

7. Defendant, Guthrie Plastic and Reconstructive Surgery, is a corporation, or other legal entity, organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 1 Guthrie Square, Sayre, PA 18840.

8. Defendant, Farokh Sammimi, MD, is a natural person and citizen of Pennsylvania with a business address at 1 Guthrie Square, Suite B, Sayre, PA 18840.

9. Defendant, Guthrie Medical Group of Pennsylvania, P.C., is a corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 1 Guthrie Square, Sayre, PA 18840.

10. Defendant, Guthrie Clinic, LTD., is a corporation, or other legal entity, organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 1 Guthrie Square, Sayre, PA 18840.

11. Defendant, Guthrie Medical Group, P.C., is a corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 1 Guthrie Square, Sayre, PA 18840.

12. Defendant, Guthrie Clinic, A Professional Corporation, is a corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 1 Guthrie Square, Sayre, PA 18840.

13. Defendant, Guthrie Clinics Group Practice Partnership, L.L.P., is a limited liability partnership organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 1 Guthrie Square, Sayre, PA 18840.

14. Defendant, The Guthrie Clinic, is a corporation, or other legal entity, organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 1 Guthrie Square, Sayre, PA 18840.

15. Defendant, Guthrie Health Plan, Inc., is a corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 1 Guthrie Square, Sayre, PA 18840.

16. Defendant, Guthrie Healthcare System, is a corporation, or other legal entity, organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 1 Guthrie Square, Sayre, PA 18840.

17. Defendant, Guthrie Specialty Physicians, P.C., is a corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 1 Guthrie Square, Sayre, PA 18840.

18. Throughout this Complaint, Plaintiff will refer to each of the Defendants, collectively, as the "Guthrie Defendants" unless otherwise specified and unless pertaining to an individual Defendant.

19. Throughout this Complaint, Plaintiff will refer to individual Defendants, Farokh Samimi, MD and Julia Stevenson, MD as the "Individual Defendants", unless otherwise specified.

### III. JURISDICTION, VENUE AND NOTICE

20. Jurisdiction is founded on diversity between Plaintiff, who is a citizen of New York and Defendants, that are citizens of Pennsylvania, and is thus proper under 28 U/S.C. §1332.

21. Venue is proper under 28 U.S.C. §1391.

22. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

23. A jury trial is demanded.

### IV. FACTS

24. On December 15, 2012, Plaintiff was involved in a motor vehicle accident that left her paralyzed from the chest down.

25. Plaintiff is wheelchair bound.

26. Since the motor vehicle accident, Plaintiff has been receiving significant ongoing medical care that she requires for her permanent injuries and limitations.

4

27. At all times relevant hereto, Plaintiff was receiving care from the Guthrie Defendants' facility and was being cared for on a regular basis with regard to all basic matters of living.

28. At all times pertinent hereto, the Guthrie Defendants owned, operated, maintained, managed, possessed and were responsible for their facility located at 1 Guthrie Square, Sayre, PA 18840.

29. At all times pertinent hereto, it was well-known to the Guthrie Defendants, as well as to the Individual Defendants, that Plaintiff required ongoing and regular long-term care and was completely reliant upon the Guthrie Defendants and the Individual Defendants for such care.

30. At all times pertinent hereto, the Guthrie Defendants and Individual Defendants, acted individually and through their respective agents, servants, workmen, employees and staff all acting within the course and scope of their agency and employment and for the benefit of the Guthrie Defendants and the individual Defendants.

31. At all times pertinent hereto, the Guthrie Defendants and the Individual Defendants, individually and/or through their respective agents had a duty to protect the safety and well-being of Plaintiff, and keep her free from harm, physical abuse and/or neglect.

32. As a direct and proximate result of the negligence, carelessness and recklessness of the Guthrie Defendants and Individual Defendants, as more particularly set forth hereinafter, Plaintiff was caused to suffer severe pain and suffering, which resulted in, inter alia, decubitus ulcers, bed sores and infections, including, without limitation, sepsis and other injuries.

33. At all times pertinent hereto, Plaintiff suffered debilitating pain caused by decubitus ulcers, bed sores, infected ulcers and/or wounds to her body which required, inter alia, extensive and significant surgical procedures causing, inter alia, immobility, inability to transfer

5

and limitations with respect to her ability to perform simple physical tasks, all of which caused her great pain and suffering and agony.

34. On July 20, 2015, the Guthrie Defendants and Individual Defendants documented, for the first time, the existence of a sacral, left buttock pressure ulcer on Plaintiff during the period of time in which she was treating with the Guthrie Defendants and Individual Defendants for wound care services.

35. At that time, a plan was supposed to have been put into place by the Guthrie Defendants and Individual Defendants to treat the pressure ulcer and prevent its worsening.

36. The Guthrie Defendants and the Individual Defendants failed to implement appropriate care and prevention plan for Plaintiff.

37. By August 3, 2015, the pressure sores in her sacrum worsened and spread.

38. By September 17, 2015, the pressure sores were in continuous decline and continued to worsen as a result of the inadequate care plan and lack of care.

39. On November 19, 2015, Plaintiff was referred to the plastic surgery department of the Guthrie Defendants and was seen by Defendant, Julia Stevenson, for what was then diagnosed as a Stage II pressure ulcer.

40. At that time, Plaintiff was advised by Defendant, Julia Stevenson, that surgery was not necessary and that she should follow up within one (1) month for re-evaluation of the pressure ulcer.

41. On December 22, 2015, Plaintiff was examined by Defendant Julia Stevenson.

42. At that time, Plaintiff's pressure ulcer had progressed to Stage III pressure ulcer with full thickness dermis loss extending down her thigh.

43. Defendant, Julia Stevenson, blamed the progression of the pressure ulcer on Plaintiff's failure to care for herself properly.

44. In addition, Defendant, Julia Stevenson, failed to properly document, treat or otherwise implement any proper plan of care and instead instructed Plaintiff to continue with wet to dry dressings.

45. Defendant, Julia Stevenson, in fact, told Plaintiff she was fine and that surgery was not needed and to just continue with the wet to dry dressings.

46. Plaintiff continued to follow the plan of care developed and implemented by the Guthrie Defendants and the Individual Defendants.

47. Nevertheless, Plaintiff's pressure sore continued to worsen.

48. Plaintiff placed multiple phone calls to the Individual Defendants informing them of the worsening of the bed sore.

49. Irrespective to these inquiries, the Individual Defendants kept advising Plaintiff that she would be fine.

50. On January 18, 2015, Plaintiff had to be rushed to the Arnot Hospital Emergency Room because Plaintiff was ill, was running a high fever, was experiencing dizziness and because the pressure ulcer declined.

51. Plaintiff was then admitted into the hospital for a Stage IV pressure ulcer that was infected with sepsis, an infection throughout her body, as a result of, inter alia, ineffective, delayed and inappropriate wound care and treatment, as well as lack of monitoring of Plaintiff by the Guthrie Defendants and Individual Defendants.

52. Plaintiff underwent multiple extensive surgeries and debridement.

53. In addition, Plaintiff was hospitalized for two (2) months and was administered a colostomy to promote healing and was instructed to stay on bed rest with at-home nursing care.

54. As a result of the aforesaid negligence, carelessness and recklessness by the Guthrie Defendants and Individual Defendants, Plaintiff developed a significant infected decubitus ulcer which required hospital admission for aggressive surgical procedures.

55. In addition to the above, at all times pertinent hereto, Plaintiff was required to be bed-ridden and was unable to ambulate and/or move about in any meaningful manner.

56. As a result of the aforesaid conduct, Plaintiff was required to undergo additional hospitalizations, surgery and medical procedures, all of which caused her great pain and suffering.

57. As a direct and proximate result of the negligence, careless and recklessness of the Guthrie Defendants and Individual Defendants, Plaintiff developed additional medical complications, causing her additional pain and suffering, resulting in her weakened condition.

58. In addition to the above, the Guthrie Defendants and individual Defendants failed at all times to timely and properly attend to and treat with respect to effective wound treatment that was obvious and should have been known prior to the aforesaid hospital admission, resulting in a hastening and worsening of the aforesaid condition.

59. In addition to the above, and all times pertinent hereto, the staff of the Guthrie Defendants and Individual Defendants failed to take appropriate measures to alleviate, prevent, identify and treat the aforesaid wounds and/or pressure ulcers.

60. In addition to the above, and all times pertinent hereto, each of the Defendants failed to properly document the aforesaid condition which further resulted in failed and inappropriate treatment of Plaintiff's wound, which otherwise would have assisted in properly treating the aforesaid condition.

61. In addition to the above, each of the Defendants failed to follow through by examining, inspecting, documenting, evaluating, treating, communicating and addressing all of the aforesaid conditions which resulted in failed treatment and/or care of Plaintiff.

62. At all times pertinent hereto, each of the Defendants violated various regulations and procedures with respect to the Pennsylvania Department of Health and other statutes, ordinances and regulations governing these facilities rendering each of the Defendants responsible and liable for same.

63. As a further and direct result of the negligence, careless and recklessness of each of the Defendants, they failed to provide Plaintiff with a proper bed and bed positioning and failed to render proper and timely medical and therapeutic care and treatment which resulted in Plaintiff suffering bed sores and decubitus ulcers and infections on and about her body.

64. As a further result of the aforesaid negligence, carelessness and recklessness of each of the Defendants, Plaintiff was caused to suffer extreme emotional distress, fear, anxiety, mental anguish, humiliation and indignity.

65. As a further result of the aforesaid negligence, carelessness and recklessness of each of the Defendants, Plaintiff was forced to incur medical bills and expenses for the diagnosis, care and treatment of her numerous physical injuries.

66. As a further result of the aforesaid negligence, carelessness and recklessness of each of the Defendants, Plaintiff was forced to incur medical expenditures in her treatment to her great financial detriment and harm.

**COUNT I**
**Plaintiff, Amber Campos v. All Named Defendants**
**NEGLIGENCE**

67. Plaintiff hereby incorporates by reference paragraphs 1 through 66 as though the same were fully set forth at length herein.

68. At all times pertinent hereto, each of the Defendants, acting individually and/or through their respective agents, had the duty to render nursing care, daily life care, and medical care to the Plaintiff.

69. At all times pertinent hereto, each of the Defendants had a duty to hire, select, retain and employ individuals who possessed the necessary training, skill, qualifications and criteria to provide appropriate and necessary care to Plaintiff.

70. At all times pertinent hereto, each of the Defendants had the duty to train, monitor, oversee and supervise conduct and activities of the individuals in their employ and/or working in their facilities to determine that appropriate level of care to which Plaintiff was entitled.

71. At all times pertinent hereto, each of the Defendants had a duty to immediately notify the appropriate governmental authorities, supervising personnel and Plaintiff's family members of any actual or suspected medical negligence issues and conditions with respect to Plaintiff.

72. At all times pertinent hereto, each of the Defendants had a duty to immediately take any and all measures to protect Plaintiff from further harm.

73. At all times relevant hereto, each of the Defendants had a duty to render and/or arrange for prompt, appropriate and necessary medical attention as well as to diagnose and/or recognize Plaintiff's condition.

74. At all times pertinent hereto, each of the Defendants, as well as their respective agents, servants and or workmen, were negligent, careless and/or recklessness and breached the following duties to Plaintiff:

    (a)    they failed to protect the health, safety and welfare of Plaintiff;

    (b)    they failed to render proper attention and care to Plaintiff;

(c) they failed to properly and adequately investigate the qualifications, competence and background of the individuals rendering care to Plaintiff;

(d) they allowed individuals who were negligent and who inflicted harm upon Plaintiff to engage in unsupervised activities;

(e) they failed to properly supervise and monitor the conduct of the facility personnel that treated Plaintiff;

(f) they failed to properly staff the facility;

(g) they failed to properly train the facility employees, agents, servants with regard to proper care for detection, treatment and referral;

(h) they failed to properly train the staff in the procedures to be followed to investigate, monitor or report wound care;

(i) they failed to take proper and necessary steps to immediately treat Plaintiff;

(j) they failed to properly investigate the cause of the worsening of Plaintiff's condition which required hospitalization as set forth above;

(k) they failed to diagnose, treat, communicate and refer Plaintiff for further treatment once Defendants knew or should have known of the worsening ulcer;

(l) they failed to render and/or arrange for the rendition of prompt, necessary and appropriate medical care to Plaintiff;

(m) they failed to properly examine, investigate and take timely action to prevent the onset of painful ulcers and bedsores to Plaintiff;

(n) they failed to properly examine and treat Plaintiff's bedsores to prevent a worsening of the condition;

(o) they failed to properly and timely render medical care to heal Plaintiff's ulcers and/or bedsores;

(p) they failed to render appropriate care and provide proper nutrition to Plaintiff;

(q) they violated various Federal and State statutes and regulations with regard to staffing, maintaining and caring for their residents;

(r) they increase the risk of harm to Plaintiff;

(s) they violated various statutes, regulations, ordinances, procedures governing care to Plaintiff.

75. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, thereby

11

entitling her to compensatory, consequential and special damages, in amounts to be determined at trial.

76. As a further result of Defendants' unlawful and improper conduct, Plaintiff has incurred special damages, including medically-related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

## COUNT II
### Plaintiff, Amber Campos v. All Named Defendants
### VICARIOUS LIABILITY

77. Plaintiff, hereby incorporates by reference paragraphs 1 through 76 as though the same were fully set forth at length herein

78. Each of the Defendants had a duty and a responsibility to the patients of its facilities to furnish appropriate and competent care both with respect to daily life care services and/or specific medical care and treatment.

79. As a part of its duties and responsibilities, each of the Defendants had an obligation to establish policies and procedures that addressed the needs of patients with limitations such as Plaintiff.

80. Acting through it administrators, various boards and committees, and certain individuals, each of the Defendants are responsible for the standard of professional practice by members of its staff at the above location and to oversee their conduct in the matters set forth throughout this Complaint.

81. Each of the Defendants had an obligation to employ competent and qualified staff so as to ensure the proper treatment and care for individuals having medical problems such as those presented by Plaintiff.

82. Each of the Defendants are vicariously liable for the negligence of their employees, agents, servants, workmen and staff.

83.     As a proximate result of all Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling her to compensatory, consequential and special damages, in amounts to be determined at trial.

84.     As a further result of Defendants' unlawful and improper conduct, Plaintiff has incurred special damages, including medically-related expenses, and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

Respectfully submitted,

_____
David B. Sherman, Esquire
Solomon, Sherman & Gabay
1628 JFK Boulevard
8 Penn Center, Suite 2200
Philadelphia, PA  19103
(215) 665-1100
Counsel for Plaintiff, Amber Campos

Dated:  June 23, 2017

## VERIFICATION

I, AMBER CAMPOS, hereby verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my information, knowledge and belief after reasonable injury. I understand that statements made herein are subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

*[signature]*

AMBER CAMPOS